IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

**MARIYA BULEK,**

        Plaintiff,

v.

**KAISER FOUNDATION HOSPITALS,**

        Defendant.

No. 3:23-cv-01585-MO

OPINION AND ORDER

**MOSMAN, J.,**

    This matter comes before me on Defendant's Motion to Dismiss [ECF 3]. Plaintiff responded on February 20, 2024 [ECF 16], to which Defendant replied on March 11, 2024 [ECF 16]. For the following reasons, I GRANT Defendant's Motion to Dismiss.

## BACKGROUND

    Plaintiff Mariya Bulek worked as a Registered Nurse for Defendant Kaiser Foundation Hospitals ("KFH") for approximately seventeen years. Compl. [ECF 1-1] ¶ 5. In the summer of 2021, Ms. Bulek was notified that KFH would be enforcing a vaccine mandate. *Id.* ¶ 7. On September 4, 2021, Ms. Bulek applied for a religious exemption from the vaccine mandate based on her sincerely held religious beliefs as a Christian. *Id.* ¶ 8. Ms. Bulek's religious exemption was

1 – OPINION AND ORDER

initially accepted but then denied. *Id.* Ms. Bulek was placed on unpaid leave and applied for short term disability. *Id.* Ms. Bulek was then terminated on or about January 10, 2022. *Id.*

Ms. Bulek filed a state law administrative charge with the Oregon Bureau of Labor and Industries ("BOLI") alleging that KFH discriminated against her by failing to provide a religious accommodation. Mot. to Dismiss [ECF 3] at 3. BOLI issued a determination letter on March 27, 2023, dismissing the complaint because BOLI "did not find sufficient evidence to continue our investigation." *Id.* [ECF 3-1] Ex. A.[1] The letter provided that Ms. Bulek had a right to bring a civil action under ORS 659A.885 within 90 days. *Id.*

Ms. Bulek brought this suit on June 26, 2023, alleging employment discrimination under ORS 659A.030. Compl. [ECF 1-1] ¶¶ 12–16. Ms. Bulek served KFH with the Complaint on September 27, 2023. Compl. [ECF 1-2] Ex. B. KFH answered with the Motion to Dismiss at issue here [ECF 3].

## STANDARD

To survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A pleading that offers only "labels and conclusions" or "'naked assertion[s]' devoid of 'further factual enhancement'" will not suffice. *Id.* (quoting *Twombly*, 550 U.S. at 555, 557). While the plaintiff does not need to make detailed factual allegations at the pleading stage, the allegations must be sufficiently specific to give the defendant

---

[1] The BOLI determination letter is a matter of judicial notice as an administrative record bearing on the timeliness of Ms. Bulek's claims. *See, e.g.*, *Rinallo v. Capsa Solutions, LLC*, 222 F. Supp. 3d 927, 930–31 (D. Or. 2016) (considering BOLI right-to-sue letter in determining whether claims were time-barred upon a motion to dismiss).

2 – OPINION AND ORDER

"fair notice" of the claim and the grounds on which it rests. *Erickson v. Pardus*, 551 U.S. 89, 93–94 (2007) (per curiam) (citing *Twombly*, 550 U.S. at 555).

Review on a motion to dismiss is normally limited to the complaint itself. If the court relies on materials outside the pleadings to make its ruling, it must treat the motion as one for summary judgment. Fed. R. Civ. P. 12(d); *Carstarphen v. Milsner*, 594 F. Supp. 2d 1201, 1207 (D. Nev. 2009) (citing *United States v. Ritchie*, 342 F.3d 903, 907 (9th Cir. 2003)). But the court may "consider certain materials—documents attached to the complaint, documents incorporated by reference in the complaint, or matters of judicial notice—without converting the motion to dismiss into a motion for summary judgment." *Ritchie*, 342 F.3d at 908; *see also Durning v. First Boston Corp.*, 815 F.2d 1265, 1267 (9th Cir. 1987).

## DISCUSSION

KFH moves to dismiss Ms. Bulek's Complaint with prejudice (1) on grounds that she failed to bring it within the applicable statute of limitations; and (2) alternatively, because she failed to plead that she holds a sincere religious belief that conflicts with KFH's vaccine policy. Mot. to Dismiss [ECF 3] at 1–2.

### I.   Statute of Limitations

In diversity cases, state law governs the commencement of an action for calculating the statute of limitations. *Rinallo*, 222 F. Supp. 3d at 930. When a plaintiff serves a defendant within 60 days of filing the complaint, the action is considered commenced on the date the complaint was filed. *Id.*; ORS 12.020(2). If a plaintiff does not serve a defendant within 60 days, then the action is considered commenced when the summons is served on the defendant. *Rinallo*, 222 F. Supp. 3d at 930; ORS 12.020(1). The latter is what happened here.

3 – OPINION AND ORDER

The parties disagree over the applicable standard for excusing or tolling the statute of limitations. Ms. Bulek argues that she can establish excusable neglect for why the Complaint was served beyond ninety days. Pl.'s Resp. [ECF 16] at 4 (citing *Boudette v. Barnette*, 923 F.2d 754, 755–56 (9th Cir. 1991)). The excusable neglect standard grows out of Rule 4(m), which provides that a court should extend the time to serve a defendant if the plaintiff shows good cause for a failure to perfect service on time. Fed. R. Civ. P. 4(m).

KFH argues that equitable tolling, not excusable neglect, is the applicable standard here. The Ninth Circuit has recognized that "state time limits on filing court actions . . . should generally be treated as statutes of limitations subject to the doctrine of equitable tolling." *Bouman v. Block*, 940 F.2d 1211, 1220 (9th Cir. 1991). KFH identifies two unpublished cases in which Oregon district court judges applied equitable tolling to evaluate claims for relief from a 90-day BOLI filing deadline. *See Higgins-Walsh v. Bend Storage & Transfer, Inc.*, No. 6:16-cv-02172-JR, 2018 WL 4691626, at *4 (D. Or. Apr. 26, 2018); *Morgan v. Interfor Pac., Inc.*, No. Civ. 08-3105-CL, 2009 WL 723341, at *4 (D. Or. Mar. 13, 2009). I find that equitable tolling is the correct standard here. Good cause and excusable neglect under Rule 4(m) do not apply because Ms. Bulek is up against a statute of limitations defense that is unrelated to any failure to meet the deadlines in the Federal Rules of Civil Procedure.

A party is entitled to equitable tolling of a statute of limitations only if he establishes two elements: "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Holland v. Florida*, 560 U.S. 631, 649 (2010) (internal quotations omitted). The threshold for triggering equitable tolling "is very high, lest the exceptions swallow the rule." *Miranda v. Castro*, 292 F.3d 1063, 1066 (9th Cir. 2002) (internal quotations omitted). Miscalculation of a limitations period by counsel and counsel's

4 – OPINION AND ORDER

negligence in general do not constitute sufficient extraordinary circumstances for equitable tolling. *Id.* (citing *Frye v. Hickman*, 273 F.3d 1144 (9th Cir. 2001)).

Ms. Bulek argues that her failure to timely serve KFH was due to a lack of adequate staffing. Pl.'s Resp. [ECF 16] at 4. Ms. Bulek explains that her counsel has corrected this issue by hiring an assistant who is assigned to timely effect service on defendants. *Id.* Ms. Bulek previously cited inadequate staffing in response to my Order to Show Cause on December 18, 2023 [ECF 8]. There, Ms. Bulek's counsel said they hired an additional assistant to prevent future errors, but as KFH points out, Ms. Bulek's response to this Motion to Dismiss was filed a day late. I hold that Ms. Bulek has not shown either that she pursued her rights diligently or that extraordinary circumstances prevented timely filing.

**II.     Pleading Requirements**

My holding on the statute of limitations suffices for me to dismiss Ms. Bulek's Complaint with prejudice. For the sake of thoroughness, I briefly address KFH's argument in the alternative. KFH argues that Ms. Bulek failed to plead any plausible facts that show how her religious beliefs conflict with KFH's COVID-19 vaccine policy. Mot. to Dismiss [ECF 3] at 7.

Ms. Bulek's Complaint states that she "applied for a religious exemption from the vaccine based on her sincerely held religious beliefs as a devout Christian." Compl. [ECF 1-1] ¶ 8. Under the First Claim for Relief heading, the Complaint states that Ms. Bulek's "sincerely held religious beliefs conflicted with the Defendant's COVID-19 vaccine mandate." *Id.* ¶ 13. The Complaint does not allege how the vaccine policy conflicts with Ms. Bulek's religious beliefs.

Discrimination claims under Oregon law are subject to the same legal analysis as claims of discrimination brought under Title VII. *School Dist. No. 1 v. Nilsen*, 271 Or. 461, 469 (1975); *Meltebeke v. Bureau of Labor and Indus.*, 120 Or. App. 273, 283 n.4 (1993) (Edmonds, J., specially

5 – OPINION AND ORDER

concurring). To establish religious discrimination on a failure-to-accommodate theory, a plaintiff must first establish a prima facie case that "(1) he had a bona fide religious belief, the practice of which conflicts with an employment duty; (2) he informed his employer of the belief and conflict; and (3) the employer . . . subjected him to an adverse employment action because of his inability to fulfill the job requirement." *Peterson v. Hewlett-Packard Co.*, 358 F.3d 599, 606 (9th Cir. 2004). The second two elements are not at issue here.

KFH argues that a threadbare reference to a plaintiff's religious beliefs is insufficient to establish the first element of a prima facie case. Def.'s Reply [ECF 23] at 8 (citing *Kather v. Asante Health Sys.*, 1:23-cv-01842-MC, 2023 WL 4865533, at *3 (D. Or. Jul. 28, 2023)). This argument boils down to a pleading requirement issue. Courts will not second-guess the reasonableness of a plaintiff's assertion that a requirement conflicts with her religious beliefs, but plaintiffs still must say what the conflict is. *See Bolden-Hardge v. Office of Cal. State Controller*, 63 F.4th 1215, 1223 (9th Cir. 2023). This burden is minimal, but plaintiffs must still allege a conflict. Here, Ms. Bulek has not alleged any facts showing a conflict between her religious beliefs and KFH's vaccine mandate.

## CONCLUSION

For the reasons discussed above, Defendant's Motion to Dismiss [ECF 3] is GRANTED. Plaintiff's Complaint is DISMISSED with prejudice.

IT IS SO ORDERED.

DATED this 3⟨0⟩ day of April, 2024.

MICHAEL W. MOSMAN
Senior United States District Judge

6 – OPINION AND ORDER